UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF MISSISSIPPI

Christopher MACK
           Plaintiff
      v.
Bryan Bailey, Chapman, WEST, Ricky Davis, Brett McAplin, Chamlee Barrnett, Thompson, Jon Doe, Jon Doe, Jon Doe.
           Defendants

Civil Action
NO. 3:24-cv-768-CWR-LGI

COMPLAINT

Richardson v. Mcknight 521 US 399 (1997)
West v. Atkins 487 US. 42 (1988)
Skelton v. Pricor Inc 963 F. 2d 100 6 cir (1992)
Monell v. New York city 436 U.S 658 (1978)

## I. JURISDICTION & VENUE
Under color state of LAW Monroe v. pape, 365 U.S. 167 (1961)

1. This is a civil action authorized by 42 U.S.C. Section 1983 to Redress the deprivation, under color of state law, of rights secured by the Constitution of the United States. The court has Jurisdiction under 28. U.S.C. Section 1331 and 1343(a)(3). Plaintiff MACK seeks declaratory relief pursuant to 28 U.S.C. Section 2201 and 2202. Plaintiff MACK Claims for injunctive relief are authorized by 28 U.S.C. Sections 2283 & 2284 and Rule 65 of the Federal Rules of Civil Procedure.

2. The Northren District of Mississippi is on appropriate venue under 28 U.S.C. Section 1391(b)(2) because it is where the events giving rise to this claim occurred.

## I. PLAINTIFFS

3. Plaintiff Christopher MACK is was at all times mentioned herein a INMATE of at Rankin county Jail in the custody of Rankin County Sheriffs office. He is currently confined in MDOC custdy in CMCF state prison in pearl MS. 39208.

#1

III. Defendants

4. Defendant Bryan Bailey is the sheriff of Rankin County Mississippi. He is legally responsible for the operation of Rankin County Jail and for the welfare of all inmates of the Jail.

5. Chapman was a Jail officer of Rankin County Jail who at all times mentioned in this complaint, held the Rank of Jail guard and was assigned to Rankin county Jail.

6. Defendent Chamlee was a Jail officer of Rankin County Jail who, at all times mentioned in this complaint, held the Rank of Jail guard and was assigned to Rankin County Jail.

6. Defendent Barnett was a Jail officer of Rankin County Jail who, at all times mentioned in this complaint, held Now Rank of Capt. of Rankin County Jail and was assigned to Rankin County Jail.

7. Defendent Thompson was a Jail officer of Rankin county Jail who, at all times mentioned in this complaint, held Rank of LT. of Rankin County Jail and was assigned to Rankin County Jail.

8. Defendent Nurse West was a Nurse at Rankin County Jail who, at all times mentioned in this complaint, held Rank of Nurse of Rankin County Jail and was assigned to Rankin County Jail.

9. Defendent Brett Mcaplin was a Rankin County Sheriff's Deputy who at all times mentioned in this complaint, held Rank in the Sheriff's Department.

10. Defendent Ricky Davis was and is a Rankin County Sheriff's Deputy #R91, who at all times mentioned in this complaint, held Rank in the Sheriff's Department.

11. Defendent Jon Doe was a trustee at the Rankin County Jail and at all times mentioned in this complaint was assigned to Rankin County Jail.

12. Defendent Jon Doe was a trustee at Rankin County Jail and at all times mentioned in this complaint was assigned to Rankin County Jail.

13. Defendent Jon Doe was a trustee at Rankin County Jail and at all times mentioned in this complaint was assigned to Rankin County Jail.

14. Each defendent is sued individually and in his official capacity. At all times mentioned in this complaint, each defendent acted under the color of state of law

#2

## IV. FACTS

15. At all times relevant to this case, Plaintiff Christopher Mack was at Rankin County Jail and at the Rankin County Sheriff's office.

16. On or about date of May 2021 I was arrested by "Pearl PD" for possession of Marijuana and taking to Rankin County Jail in and at 221 N. Timber St. Brandon MS 39042 and booked into Jail.

17. The next day officer Chapman came to my cell on Z14 centrel pod woke me up and told me that Brett Mcplain wanted to speak with me.

18. Defendant Chapman took me to hallway put belly chains, handcuffs and ankle shakles and walked me to the sheriff's offices interview office where Defendant Jon Doe and Chapman hit me in back of head.

19. Defendat Chapman beat me along with other Defendants Jon Doe, Ricky Davis #R91 Brett Mcaplin and other unkown name officers watched me being beat!

20. I Plaintiff Mack was carried by leg shakles and cuffs back to centrel pod Z14 and taking to cell and beat some more hit kicked in face, Ribs, head by Defendants Chapman Chamlee, Jon Doe #1 #2 #3.

21. Defendants Barnvett, Thompson watched them beat me for over 45 mins on zone Z14 Centrel pod.

22. I was then wheel chaired to Rankin County Jail Nurses station and seen by Defendant Nurse West who told them I needed to be taking to Crossgates meritt health in Brandon MS..

23. I was taking to Crossgates Meritt health by and unkown Rankin county Sheriffs deputy

24. I woke up in the back of cop car still hadcuffed and shakled down!

25. Then was seen by nurse at crossgates meritt health in Brandon MS.

26. Noted By Meritt Health I was beat by Jail staff while handcuffed shakled and Belly chained

27. I had multiple fractues Bruies to my face head ribs legs!

28. I ~~Defendant~~ Plaintiff Mack was taken back to Rankin County Jail where Defendant Bryan Bailey Sheriff of Rankin County meet me in

front of Jail and asked me face to face at the back of Jail MACK Plaintiff MACK stated to Defendant Bryan Bailey your officers and trustees beat me, Defendant Bailey cussed and walked away! IIED Claim Schmidt vs. odell, 64 F supp. 2d. 1014 (D. kan 1999)

29. I was held in lockdown for 6 months for writing a grievance without a hearing or write up! Olim v. wakinekona 460 U.S. 238 (1983) You cannot be put into administrative segregation soley to be punished for filing a lawsuit. cleggett v. Pate 229 F. Supp. 818 N.D. Ill. 1964)

30. Defendant Barnett said I would stay there in lockdown cause I wrote him up and would stay there to stop a lawsuit, 42 USCA 1997 (e)(a)

31. I was refused phone calls without officer present was not allowed my access to get help, what jail officials did to plaintiff MACK is called a "Adverse action" was so bad that it would stop me from contacting with my suit at Hinkley matter to meet any deadlines or limitations there is a causal connection....

V. LEGAL CLAIMS

32. Defendants Champman, Barnett, Ricky Davis, Brett Moplin, Chamlee, Jon Doe, Jon Doe, Jon Doe used excessive force against Plaintiff MACK by beating him in face head kicking him when MACK was handcuffed, shakled with belly chains on when MACK was not violating any Jail rules and was not threat or harm to himself or staff, Defendants actions violated Plaintiff MACK's rights under the Eighth Amendment to the united states Constitution and caused Plaintiff MACK pain, Suffering, physical injury and Emotional distress. 42 USCA. 1997(e)(e) Hudson v. McMillian, 503 U.S. 1 (1992) Wilkins v. Gaddy 559 U.S. 34 (2010 Estate of Davis by osterfeld v. Delo 115 F.3d 1388 (8th cir 1997)

33. By witnessing Defendants illegal action, failing to correct that misconduct, and encouraging the continuation of misconduct, Defendants Barnett, Thompson, West Bryan Bailey is also violating Plaintiff MACKs rights under the Eighth Amendment to the united states Constitution and is causing Plaintiff MACK pain suffering, physical injury, and emotional distress. 18 U.S.C. 3626

#4

34. By threatening Plaintiff MACK with lockdown and no phone calls use while in Rankin County Jail Defendant Barnett for exercise of his Right to seek Redress from the Jail through use of the Jails grievance system and Plaintiff MACK being held in lockdown for 6 months stright, Defendant Barnett was Retaliating against Plaintiff MACK's unlawfully, in violation of Plaintiff MACK's rights under the first Amendment to the United States constitution. These illegal actions was and still is causing Plaintiff MACK's injury to his first Amendment rights.

35. Plaintiff MACK has no plain, adequate, or complete Remedy at law to redress the wrongs described herein. Plaintiff MACK has been and will continue to be irreparably injured by the conduct of the defendants unless this court grants the declaratory and injunctive relief which Plaintiff seeks.

VI. Prayer for Relief

Wherefore, Plaintiff MACK's a declaration that the acts and omissions described herein violate his rights under the Constitution and laws of the United States

36. A preliminary and permanent injunction ordering ordering defendants named to cease their unlawfully courts and handling of Mack's legal cases brought forth in said for County of Rankin County Mississippi.

37. plaintiff MACK and Granting Compensatory damages in a undisclosed amount of money against each defendant, Jointly and severally. And Justice

38. plaintiff MACK seeks nominal damages and punitive damages in the amount of $50,000. Plaintiff MACK seeks these damages against each defendant, Jointly and severally.

39. Plaintiff aslo seeks a Jury trial on all issues triable by Jury.

40 Plaintiff also seek recovery of their costs in the suit, and any additional Relief this court deems Just, proper, and Equitable

Dated May 27 2024

#5

Respectfully submitted, Christopher Mack
#100256
CMCF

## Verification

I have read the foregoing complaint and hereby verify that the matters alleged therein are true, except as to matters alleged on information and belief, and, as to those, I believe them to be true. I certify under penalty of perjury that foregoing is true and correct.

Executed at Rankin, Mississippi on MAY 27 2024

C. Mack
_____
Christopher MACK #100256

CMCF P.O. Box 88550
Pearl, MS. 39208

Sworn to and subscribed before me this 3rd day of Decem 2024

Yolanda Odom
_____

STATE OF MISSISSIPPI
NOTARY PUBLIC
ID # 99668
YOLANDA ODOM
Commission Expires
Sept. 7, 2027
SCOTT COUNTY

#6