IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

CHRISTOPHER MACK                                                                                  PLAINTIFF

V.                                                                         CIVIL ACTION NO. 3:24-cv-768-CWR-LGI

SHERIFF BRYAN BAILEY, ET AL.                                                            DEFENDANTS

ORDER OF DISMISSAL

This cause is before the Court, *sua sponte*, for consideration of dismissal. Pro se Plaintiff Christopher Mack ("Plaintiff") brings this civil action under 42 U.S.C. § 1983. Plaintiff is a post-conviction inmate incarcerated at the Central Mississippi Correctional Facility in Pearl, Mississippi. Plaintiff is proceeding *in forma pauperis*. *See* Order [18]. Upon liberal review of Plaintiff's Complaint [1], Amended Complaint [9], and Response [17], the Court finds that this case should be dismissed.

I.     **Background**

A.     Current Lawsuit

On December 3, 2024, Plaintiff, acting pro se, filed this Complaint alleging he experienced excessive force and unconstitutional conditions during his prior detention at the Rankin County Jail in Brandon, Mississippi. Plaintiff sues Sheriff Bryan Bailey, Jail Officer Unknown Chapman, Nurse Unknown West, Deputy Ricky Davis, Deputy Brett McAlpin, Jail Officer Unknown Chamlee, Captain Unknown Barrnett, Lt. Unknown Thompson, Jail Officer Unknown Bridges, and Jon ("John") Does, identified as trustees at the jail. Am. Compl. [9] at 2; Compl. [1] at 2.

Plaintiff states that on or about January 12, 2021, he was arrested by the Pearl Police

Department and taken to the Rankin County Jail.[1]  Plaintiff alleges that the next day, while in handcuffs, belly chains, and ankle shackles, he was beaten by Defendants Chapman and John Does in an interview room.  Am. Compl. [9] at 3.  Plaintiff claims that Defendants Davis and McAlpin and other unknown officers watched this beating.  *Id*.  Plaintiff alleges that he returned to his cell where Defendants Chapman, Chamlee, Bridges, and John Does kicked him in the face, ribs, and head.  *Id*.  Plaintiff claims that Defendants Barrnett and Thompson watched this beating that lasted over 45 minutes.  *Id*.

Plaintiff states that he was then taken to see Defendant Nurse West who told officers that Plaintiff needed to go to Crossgates Merit Health, an off-site medical facility.  *Id*.  Plaintiff states that he saw a nurse at this off-site medical facility, and he suffered multiple fractures and bruises to his face, head, ribs, and legs.  *Id*.  Plaintiff alleges that when he returned to the jail, Defendant Sheriff Bailey asked him who was responsible for his injuries, and he told Defendant Bailey that Bailey's officers and trustees beat him.  *Id*. at 3–4.

Plaintiff alleges that he was then housed in lockdown for six-months in retaliation for writing a grievance and he was refused phone calls without an officer present to stop his lawsuit.  *Id*. at 4.  Plaintiff seeks declaratory and injunctive relief along with monetary damages.

B.  Prior Lawsuit

On May 28, 2024, Plaintiff, through counsel, filed his first § 1983 lawsuit asserting

---

[1] Plaintiff at first identifies his arrest date as May 2021, *see* Compl. [1] at 3, but in his Amended Complaint and Response, he clarifies that the date is on or about January 12 or 13, 2021, *see* Resp. [17] at 1; Am. Compl. [9] at 3.

these same allegations. Plaintiff filed this first lawsuit against Rankin County, Ricky Davis, Brett McAlpin, Deputy Unknown Chamblee, and John Does. *Mack v. Rankin Cnty.,* No. 3:24-cv-306-CWR-ASH (S.D. Miss. Dec. 31, 2024) ("*Mack I*"). On December 31, 2024, the Court entered an Agreed Final Judgment of Dismissal With Prejudice. *Id.*, ECF No. 19 at 1. The Court ordered, "that any and all claims that were or could have been included in Plaintiff's [1] Complaint and/or any amendments thereto in the above-styled and numbered litigation are dismissed with prejudice." *Id*.

    C. <u>Order addressing prior case and Plaintiff's Response</u>

After review of Plaintiff's Complaints [1],[9], the Magistrate Judge entered an Order Requiring Plaintiff to Respond [10]. The Order informed Plaintiff that this case is proceeding under the Prison Litigation Reform Act, meaning it is subject to judicial screening for maliciousness, and a case is malicious if it duplicates allegations of a pending lawsuit by the same Plaintiff. Order [10] at 1. The Order advised Plaintiff that his present pro se lawsuit repeats the allegations and claims in his pending lawsuit filed by counsel. *Id.* at 1–2. The Order directed Plaintiff to either file a notice of voluntary dismissal or a written response showing cause why this second case should not be dismissed as malicious or duplicative to *Mack I*. Order [10] at 2.

Plaintiff responded indicating that he wishes to proceed with this case. Resp. [17]. Plaintiff details communication issues with his counsel and his belief that his prior case had been "dropped" so he "moved forward" with his "own paperwork and suit in this matter." *Id.* at 1. Plaintiff argues that this case should not be dismissed because he suffered excessive force and unconstitutional conditions during his detention at the Rankin County

3

Jail.

## II. Discussion

The Prison Litigation Reform Act allows a district court to dismiss an IFP complaint "at any time" if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (citing *Jones v. Bock*, 549 U.S. 199, 202 (2007) (holding that Prison Litigation Reform Act mandates early judicial screening of prisoner complaints)). Plaintiff is incarcerated and proceeding IFP, therefore his Complaint is subject to *sua sponte* screening under the Prison Litigation Reform Act. *See, e.g.*, *Jarvis v. Hall*, No. 22-60098, 2023 WL 3818377, at *2 (5th Cir. June 5, 2023) (affirming *sua sponte* dismissal of prisoner's § 1983 claims without holding a screening hearing). Having conducted the required screening, the Court finds that this civil action is malicious and should be dismissed.

The Court may dismiss a Complaint "as malicious if it duplicates claims raised by the same Plaintiff in previous or pending litigation." *Emmett v. Hawthorn*, 459 F. App'x 490, 491 (5th Cir. 2012) (citation omitted). An action is duplicative or malicious if it involves "the same series of events" and allegations of "many of the same facts as an earlier suit." *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (reiterating that "repetitious litigation of virtually identical causes of action is subject to dismissal . . . as malicious.") (internal quotations and citations omitted). Additionally, a subsequent complaint containing claims that "clearly stem from the same incident," remains malicious even if the plaintiff includes additional defendants or adds allegations. *Lewis v. Williamson Cnty., Texas*, No. 24-50461, 2024 WL 4930392, at *2 (5th Cir. Dec. 2, 2024) (affirming dismissal of prisoner's complaint

4

against county as malicious despite prisoner's claim that his complaint is different from previous complaint because he adds allegations against a judge).   Simply put, "IFP status does not entitle a plaintiff to avoid the ordinary rules of res judicata."   *Id.* at 1 (quoting *Pittman v. Moore*, 980 F.2d 994, 994 (5th Cir. 1993)).

Plaintiff's claims arise from "the same series of events" and his allegations consist of "many of the same facts" of *Mack I,* meaning this action is duplicative or malicious. *Bailey*, 846 F.2d at 1021.   Although Plaintiff may name more defendants or expand upon his allegations in this lawsuit, his claims "clearly stem from the same incident."   *Lewis*, 2024 WL 4930392, at *2 (citing *Brown v. Texas Bd. of Nursing*, 554 F. App'x 268, 269 (5th Cir. 2014) ("to the extent that the Browns assert that they have raised new claims, such claims clearly stem from the same decision of the Texas Board of Nurse Examiners that the Browns have already challenged in multiple state and federal cases."); *MacWilliams v. Uncapher*, No. 24-50129, 2024 WL 4471978, at *1 (5th Cir. Oct. 11, 2024) (holding that "an action raising the same factual allegations as a prior action is duplicative even if the plaintiff names different defendants in the second action.")).

A finding that this lawsuit is malicious does not mean that the Court finds Plaintiff's allegations to lack merit or be unfounded.   It simply means Plaintiff's allegations are repetitive or duplicative to a prior lawsuit, which is not permitted.   This lawsuit clearly repeats the claims asserted in *Mack I*.   The Court therefore finds that Plaintiff's Complaint is malicious, and dismissal is appropriate.   *See Blakely v. Evans*, 574 F. App'x 420, 420 (5th Cir. 2014) (noting district court has "broad discretion" in dismissing a complaint as

malicious); *Bailey*, 846 F.2d at 1021 (noting district court is "vested with especially broad discretion" in determining whether a malicious dismissal is warranted).

### III.  Conclusion

For the reasons set forth above, Plaintiff's civil action is dismissed.

**IT IS THEREFORE ORDERED AND ADJUDGED** that this civil action brought under 42 U.S.C. § 1983 is DISMISSED WITH PREJUDICE as malicious under the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(i).

**SO ORDERED AND ADJUDGED,** this the 1st day of July, 2025.

*s/ Carlton W. Reeves*
UNITED STATES DISTRICT JUDGE